UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   #36(10/1)

| Case No. | CV20-09142 PSG | Date | September 27, 2021 |
|---|---|---|---|
| Title | Single Box, LP, et al. v. Brett Del Valle, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Judgment Creditors' Motion to Charge Judgment Debtor's Interest in LLCs

Before the Court is the Motion to Charge Judgment Debtor's Interest in LLCs (the "Motion") filed by Judgment Creditors Single Box, LP and SB AB West Loop, LP fka SB Finco AB, LP ("Judgment Creditors"). Dkt. # 36 ("*Mot.*"). Despite being served with the Motion, Judgment Debtor Brett Del Valle ("Del Valle") has not filed an opposition.[1] The Court finds the matter appropriate for decision without oral argument and vacates the hearing set for October 1, 2021. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the Motion.

I.  Background

On July 27, 2020, in the Northern District of Texas, Judgment Creditors obtained a judgment in the amount of $4,106,843.11, plus post-judgment interest, against Judgment Debtors Del Valle, PRP Menifee, LLC, and Peninsula Retail Partners V, LLC, jointly and severally. *N.D. Tex. Judgment*, Dkt. # 1-1 (the "Judgment"). On September 11, 2020, Judgment Creditors registered the judgment in this District. *Registration of Judgment from Another District*, Dkt.

---

[1] Del Valle was served by mail through his attorney D. Edward Hays. *See Certificate of Service*, Dkt. # 36-4; Cal. Civ. Proc. Code §§ 1011, 1013; *see also Express Working Capital, LLC v. Starving Students, Inc.*, No. CV 17-0097-VAP (EX), 2017 WL 10605963, at *2 (C.D. Cal. Mar. 1, 2017) (finding service of the motion for charging order was proper where the judgment debtor was served by mail at his residence and business address) (citing Cal. Civ. Proc. Code §§ 1011, 1012). Additionally, the Motion was mailed to Del Valle as the registered agent for service of process for many of the LLCs at issue. *See Certificate of Service*, Dkt. # 36-4; Cal. Civ. Proc. Code §§ 1012, 1013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV20-09142 PSG | Date | September 27, 2021 |
|---|---|---|---|
| Title | Single Box, LP, et al.  v. Brett Del Valle, et al. | | |

# 1.  Del Valle has not voluntarily paid any monies on the Judgment.  *Declaration of Alexander Kessler*, Dkt. # 36-2 ("*Kessler Decl.*"), ¶ 3.

In November 2020, Judgment Creditors filed a similar motion to charge Del Valle's interests in several limited liability companies ("LLCs"), which was granted in part and denied in part.  *See Dec. 8, 2020 Order*, Dkt. # 17.  The Court granted the motion as to some of the LLCs and denied it as to the others.  *Id.* at 1.  The motion was denied as to several LLCs because Judgment Creditors had not satisfied their burden in establishing Del Valle's membership interests in those LLCs.  *Id.* at 3.

Since then, Judgment Creditors have obtained Del Valle's 2019 tax return and conducted a judgment debtor's deposition of Del Valle.  *Kessler Decl.* ¶¶ 4–5.  Based on this newly gathered evidence, Judgment Creditors again seek to charge Del Valle's interest in the LLCs for which the request was previously denied.

II.     Legal Standard

California Code of Civil Procedure § 708.310, applicable through Federal Rule of Civil Procedure 69(a), provides for orders charging interest in partnerships or LLCs:

> If a money judgment is rendered against a partner or member but not against the partnership or limited liability company, the judgment debtor's interest in the partnership or limited liability company may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Section 15907.3, 16504, or 17705.03 of the Corporations Code.

Cal. Civ. Proc. § 708.310. California Corporations Code § 17705.03, in turn, provides:

> On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.

Cal. Corp. Code § 17705.03(a).  A charging order "only allows the judgment creditor to receive distributions to which the member would otherwise be entitled; it doesn't entitle the creditor to

2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV20-09142 PSG | Date | September 27, 2021 |
|---|---|---|---|
| Title | Single Box, LP, et al.  v. Brett Del Valle, et al. | | |

participate in the LLC's management or exercise the rights of a member." *Textron Fin. Corp. v. Gallegos*, No. 15CV1678-LAB (DHB), 2015 WL 11658718, at *1 (S.D. Cal. Oct. 7, 2015) (citing Cal. Corp. Code §§ 17701.02(aa), 17705.02, and 17705.03).

III.   Discussion

Judgment Creditors assert that Del Valle has membership interests in the following LLCs: (1) BDV, LLC; (2) Peninsula Retail Partners LLC; (3) Peninsula Retail Partners IV LLC; (4) Peninsula Retail Partners V LLC; (5) PR Property Services LLC; (6) PRP Development Company LLC; (7) PRP Investors Madison LLC; (8) PRP Investors Pocket LLC; (9) PRP Investors Dunia Plaza LLC; (10) PRP Investors Arcadia LLC; (11) PRP Victorville II LLC; (12) Hanover-PRP Properties, LLC; (13) HFC/PRP Madison, LLC; (14) PRP Bannings, LLC; (15) PRP/HFC Arcadia, LLC; (16) PRP/HFC Sacramento, LLC; (17) PRP/HFC Victorville, LLC; (18) Peninsula Retail Partners II, LLC; (19) Peninsula Retail Partners III, LLC; (20); PRP Investors Herriman, LLC; (21) PRP Investors II, LLC; and (22) PRP Investors III, LLC (the "Subject LLCs"). *Mem. of P&A in Supp. of Mot.*, Dkt. # 36-1, 1:19–2:3. Judgment Creditors move the Court to charge Del Valle's interest in the Subject LLCs with the unpaid balance of the Judgment against Del Valle and direct the Subject LLCs to pay any money or property due or to become due to Del Valle to Judgment Creditors until the amount remaining due on the Judgment is paid in full. *Mot.* 1–2. Judgment Creditors have carried their burden in establishing that Del Valle is a member of the Subject LLCs and, thus, a charging order is appropriate.

"Entry of a charging order requires 'substantial evidence' that the debtor is a partner or member of the entity." *Textron Fin. Corp.*, 2015 WL 11658718, at *2 (citing *Ribero v. Callaway*, 87 Cal. App. 2d 135, 139 (1948)). "'Substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Braewood Convalescent Hosp. v. Workers' Comp. Appeals Bd.*, 34 Cal. 3d 159, 164 (1983)). Judgment creditors have submitted substantial evidence that Del Valle is a member of the Subject LLCs.

First, Judgment Creditors submitted excerpts from Del Valle's 2019 tax return that show that Del Valle reported income or loss for the following Subject LLCs: (1) BDV, LLC; (2) Peninsula Retail Partners LLC; (3) Peninsula Retail Partners IV LLC; (4) Peninsula Retail Partners V LLC; (5) PR Property Services LLC; (6) PRP Development Company LLC; (7) PRP Investors Madison LLC; (8) PRP Investors Pocket LLC; (9) PRP Investors Dunia Plaza LLC; (10) PRP Investors Arcadia LLC.. *See Ex. 1 to Kessler Decl.*, Dkt. # 36-2 at 4–6. Second, Judgment Creditors submitted Del Valle's deposition testimony where he discusses the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV20-09142 PSG | Date | September 27, 2021 |
|---|---|---|---|
| Title | Single Box, LP, et al.  v. Brett Del Valle, et al. | | |

formation of and ownership interests in these Subject LLCs, as well as the remaining Subject LLCs.  *See Ex. 2 to Kessler Decl.*, Dkt. # 36-2 at 7–56.  Accordingly, Judgment Creditors have satisfied their burden in establishing that Del Valle is a member of the Subject LLCs in order to obtain a charging order.

IV.     Conclusion

For these reasons, the Motion to Charge Judgment Debtor's Interest in LLCs is **GRANTED**.

Del Valle's membership interests in the following Subject LLCs are hereby charged with the unpaid balance of the Judgment entered in favor of Judgment Creditors and against Del Valle: (1) BDV, LLC; (2) Peninsula Retail Partners LLC; (3) Peninsula Retail Partners IV LLC; (4) Peninsula Retail Partners V LLC; (5) PR Property Services LLC; (6) PRP Development Company LLC; (7) PRP Investors Madison LLC; (8) PRP Investors Pocket LLC; (9) PRP Investors Dunia Plaza LLC; (10) PRP Investors Arcadia LLC; (11) PRP Victorville II LLC; (12) Hanover-PRP Properties, LLC; (13) HFC/PRP Madison, LLC; (14) PRP Bannings, LLC; (15) PRP/HFC Arcadia, LLC; (16) PRP/HFC Sacramento, LLC; (17) PRP/HFC Victorville, LLC; (18) Peninsula Retail Partners II, LLC; (19) Peninsula Retail Partners III, LLC; (20); PRP Investors Herriman, LLC; (21) PRP Investors II, LLC; and (22) PRP Investors III, LLC.  The Subject LLCs, and their managers, members, and agents, are ordered not to pay, directly or indirectly, any money to Del Valle until the Judgment is fully satisfied.

The Subject LLCs, and their managers, members, and agents, shall pay and deliver directly to Judgment Creditors, c/o Miles D. Grant, Esq., GRANT & KESSLER, APC, 1331 India Street, San Diego, CA 92101, any money or property due or to become due to Del Valle, based on Del Valle's membership interests in the Subject LLCs, continuing until the Judgment is paid in full.

**IT IS SO ORDERED.**