UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#44

**CIVIL MINUTES - GENERAL**

| Case No. | CV20-09142 PSG | Date | April 6, 2022 |
|---|---|---|---|
| Title | Single Box, LP, et al. v. Brett Del Valle, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order DENYING Judgment Creditors' Motion to Appoint Receiver

    Before the Court is the Motion to Appoint Receiver (the "Motion") filed by Judgment Creditors Single Box, LP and SB AB West Loop, LP fka SB Finco AB, LP ("Judgment Creditors"). Dkt. # 44 ("*Mot.*"). Judgment Creditors request appointment of a receiver to seize income from third parties PR Property Services LLC ("PR Property LLC") and PRP Commercial Real Estate Services Inc. ("PRP Commercial Inc.") (collectively, the "Companies"). *Mem. of P&A in Supp. of Mot.*, Dkt. # 44-1 ("*Mem.*"), 1:26–28. The Companies oppose the Motion, Dkt. # 45 ("*Opp.*"), and Judgment Creditors have replied, Dkt. # 52 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument and vacates the hearing set for April 8, 2022. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving and opposing papers, the Court **DENIES** the Motion.

I.     Background

    On July 27, 2020, in the Northern District of Texas, Judgment Creditors obtained a judgment in the amount of $4,106,843.11 against Judgment Debtors Brett Del Valle ("Del Valle"), PRP Menifee, LLC, and Peninsula Retail Partners V, LLC, jointly and severally (the "Judgment"). *N.D. Tex. Judgment*, Dkt. # 1-1. On September 11, 2020, Judgment Creditors registered the Judgment in this District. *Registration of Judgment from Another District*, Dkt. # 1. Del Valle has not voluntarily paid any money owed under the Judgment. *Declaration of Alexander J. Kessler in Supp. of Mot.*, Dkt. # 44-2 ("*Kessler Decl.*"), ¶ 3. Judgment Creditors' collection efforts thus far have resulted in minimal recovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV20-09142 PSG | Date | April 6, 2022 |
|---|---|---|---|
| Title | Single Box, LP, et al. v. Brett Del Valle, et al. | | |

    A.    <u>Judgment Creditors' Collection Efforts</u>

*Charging Orders.* In November 2020, Judgment Creditors filed a motion to charge Del Valle's interest in multiple limited liability companies ("LLCs"), which the Court granted in part and denied in part. *See Dec. 8, 2020 Order*, Dkt. # 17 ("*Dec. 2020 Order*"). After gathering more evidence of Del Valle's financial interests, in August 2021, Judgment Creditors filed another motion to charge Del Valle's interest in multiple LLCs, including one of the Companies—PR Property LLC. *See Mot. for Order Charging Judgment Debtor's Interest in LLCs*, Dkt. # 36. The Court granted Judgment Creditor's motion. *See Sept. 27, 2021 Order*, Dkt. # 39 ("*Sept. 2021 Order*"). As a result of the Court's two orders, Del Valle's membership interests in PR Property LLC and 26 other LLCs have been charged with the unpaid balance of the Judgment. *See Dec. 2020 Order*; *Sept. 2021 Order*. Judgment Creditors have not received any money as a result of the charging orders. *Kessler Decl.* ¶ 8.

*Subpoenas and Del Valle's Deposition.* Judgment Creditors have subpoenaed thousands of pages of records from Del Valle's business associates, lenders, banks, and other third parties with information about Del Valle and his finances. *Id.* ¶ 9. In August 2021, Judgment Creditors deposed Del Valle. *Id.* ¶ 6.

*Turnover Order.* In May 2021, Judgment Creditors obtained a turnover order for Del Valle's 1998 Silvercrest Courtyard manufactured home ("Trailer") located in Newport Beach, California. *Kessler Decl.* ¶ 12. However, before the turnover order was served, Del Valle asserted that he had moved to the Trailer following the sale of his Utah residence and, thus, was entitled to a homestead exemption. *Id.* ¶ 13. As a result, Judgment Creditors were unable to sell the Trailer. *Id.*

*Levies.* Judgment Creditors have served at least a dozen levies, which has resulted in the recovery of about $16,000. *Id.* ¶ 10. Judgment Creditors also served a notice of levy on American Funds Service Company ("AFSC"). *See Declaration of Alexander J. Kessler in Supp. of Mot. to Liquidate Accounts*, Dkt. # 40-2, ¶ 3. AFSC located five investment accounts that contained about $160,000 total but refused to turn over the funds without a court order. *Id.* ¶¶ 4–5. Judgment Creditors moved the Court to order AFSC to liquidate the funds in the accounts, which the Court denied. *See Mar. 9, 2022 Order*, Dkt. # 49. Judgment Creditors subsequently filed a motion to hold AFSC liable for failing to comply with the levy, which is pending. *See Mot. for Order Holding Third-Party AFSC Liable for Levy*, Dkt. # 50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV20-09142 PSG | Date | April 6, 2022 |
|---|---|---|---|
| Title | Single Box, LP, et al. v. Brett Del Valle, et al. | | |

    B.    <u>The Companies</u>

*PR Property LLC*. During the deposition of Del Valle, he confirmed that he owned PR Property LLC, 99 percent through his own name and one percent though his family trust. *Ex. 1 to Kessler Decl.*, Dkt. # 44-2 at 7–108 ("*Del Valle Tr.*"), 90:21–91:12. PR Property LLC occasionally (about every other month) provides services, such as hiring and managing vendors, to shopping centers that Del Valle previously built. *Id.* at 47:21–49:6. PR Property LLC has no assets or employees. *Id.* at 48:6–12.

According to the 2019 Schedule K-1 tax form for PR Property LLC, an income of $288,019 was reported for PR Property LLC. *Ex. 3 to Kessler Decl.*, Dkt. # 44-2 at 135–136; *Del Valle Tr.* 90:2–7. Del Valle stated that the income for PR Property LLC varies from year to year by about 10 or 20 percent. *Del Valle Tr.* 90:14–20. The profits of PR Property LLC are used to pay off the expenses for another one of Del Valle's LLCs that was subject to a charging order—Peninsula Retail Partners LLC. *Del Valle Tr.* 49:24–50:14. Del Valle stated that Peninsula Retail Partners LLC does not pay any of his personal bills. *Id.* at 46:22–24. Del Valle did not remember the last time that he received any sort of distribution or payment from PR Property LLC. *Id.* at 49:24–50:2. He also reported receiving no income in 2020 and no income in 2021 as of the date of his deposition. *Id.* at 16:22–17:1.

*PRP Commercial Inc.* PRP Commercial Inc. provides the same services as PR Property LLC. *Id.* at 54:21–25. During Del Valle's deposition, he stated that he is a partial owner of PRP Commercial Inc., although he did not know how much he owned. *Id.* at 58:11–16. However, according to the 2019 Schedule K-1 tax form for PRP Commercial Inc., Del Valle owns 100% of PRP Commercial Inc. *Ex. 1 to Declaration of Phillip A. Zunshine in Supp. of Reply*, Dkt. # 52-1 at 3–4. PRP Commercial Inc. has no assets or employees. *Del Valle Tr.* 55:11–14. PRP Commercial Inc. occasionally receives income. *Id.* at 55:19–20. Like PR Property LLC, profits generated by PRP Commercial Inc. are used to pay the expenses of Peninsula Retail Partners LLC. *Id.* at 55:15–56:4. There are no distributions from PRP Commercial Inc. *Id.*

II.    <u>Legal Standard</u>

The enforcement of a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Although Federal Rule of Civil Procedure 66 governs the appointments of receivers in federal court, "[c]ourts apply state law under Rule 69(a) to appointment of receivers 'when such actions are undertaken in aid of executing on a judgment.'" *Textron Fin. Corp. v. Gallegos*, No. 15CV1678-LAB (AGS), 2018 WL 550476, at *2 (S.D. Cal. Jan. 25, 2018) (quoting *Office Depot*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV20-09142 PSG | Date | April 6, 2022 |
|---|---|---|---|
| Title | Single Box, LP, et al. v. Brett Del Valle, et al. | | |

*Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010)); *see also Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. 216CV04502MLHMRWX, 2019 WL 13031466, at *2 (C.D. Cal. Nov. 21, 2019) ("California law provides the governing standard for appointment of a receiver to the extent it does not conflict with Rule 66."). Thus, the Court applies California law to determine whether to appoint a receiver.

Under California law, a receiver may be appointed in the following circumstances, among others: (i) after judgment, to carry the judgment into effect; (ii) after judgment, to dispose of property; and (iii) where necessary to preserve the property or rights of any party. Cal. Civ. Proc. Code §§ 564(b)(3), (4), (9), 708.610. Courts may appoint a receiver when the "judgment creditor shows that, considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment." *Id.* § 708.620. "The legislative comment to § 708.620 indicates that, under this section, a receiver may be appointed where a writ of execution would not reach certain property and other remedies appear inadequate." *J & J Sports Prods., Inc. v. Huezo*, No. C 09-4906 CW, 2011 WL 1134265, at *2 (N.D. Cal. Mar. 25, 2011). Additionally, "a court 'may' '[a]ppoint a receiver of the distributions' to a member of a limited liability company if 'necessary to effectuate the collection of distributions pursuant to a charging order.'" *Medipro Med. Staffing LLC v. Certified Nursing Registry, Inc.*, 60 Cal. App. 5th 622, 627 (2021) (alteration in original) (quoting Cal. Corp. Code § 17705.03(b)(1)).

"The appointment of a receiver is considered to be an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in the property." *Iroquois Master Fund, Ltd. v. Glob. ePoint, Inc.*, No. CV 08-07761-AHS, 2016 WL 11537876, at *4 (C.D. Cal. Aug. 15, 2016) (quoting *Solis v. Matheson*, 563 F.3d 425, 437 (9th Cir. 2009)). "[T]he availability of other remedies does not, in and of itself, preclude the use of a receivership. Rather, a trial court must consider the availability and efficacy of other remedies in determining whether to employ the extraordinary remedy of a receivership." *Id.* (quoting *City and County of San Francisco v. Daley*, 16 Cal. App. 4th 734, 745 (1993)). Because of the number of enforcement mechanisms for collecting money judgments under California law, "appointment of a receiver is rarely a 'necessity' and, as a consequence, 'may not ordinarily be used for the enforcement of a simple money judgment.'" *Medipro Med. Staffing*, 60 Cal. App. 5th at 628 (quoting *Jackson v. Jackson*, 253 Cal. App. 2d 1026, 1040 (1967)). A receivership becomes a necessary "when the judgment debtor has frustrated the judgment creditor's collection efforts through obfuscation or through otherwise contumacious conduct that has rendered feckless the panoply of less intrusive mechanisms for enforcing a money judgment." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV20-09142 PSG | Date | April 6, 2022 |
|---|---|---|---|
| Title | Single Box, LP, et al. v. Brett Del Valle, et al. | | |

III.  Discussion

Judgment Creditors contend appointment of a receiver to seize income from the Companies to apply to the Judgment is necessary because Del Valle has been able to avoid paying any money under the charging orders by transferring money generated by the Companies to other entities to pay Del Valle's expenses and Del Valle cannot be trusted to report financial information or pay out distributions.  *Mem.* 4:19–26; *see also Reply*.  Judgment Creditors also request the receiver be empowered to oversee Del Valle's business of hiring and managing vendors for the shopping centers, even if he operates the business through an entity other than the Companies.  *Id.* at 5:8–21.  In opposition, the Companies assert that Judgment Creditors have not carried their burden to justify the appointment of a receiver because they: (i) have not provided authority to support the request for a receivership over a corporation; (ii) have not shown a receiver is necessary to reach the property of the Companies; and (iii) have not shown other remedies are inadequate.  *See Opp.* 6:11–9:24.  Judgment Creditors have failed to demonstrate the necessity required to justify the extraordinary remedy of appointing a receiver.

Preliminary, although Judgment Creditors did not provide supporting authority in the Motion, only in reply, courts have authority to appoint receivers over corporations if limited and appropriate under the circumstances.  For instance, in *Crocker Nat'l Bank v. O'Donnell*, 115 Cal. App. 3d 264, 266 (1981), the court affirmed the appointment of a receiver over a corporation for the limited purpose of collecting earnings from judgment debtor where the corporation was wholly-owned by judgment debtor and used to pay his personal expenses.  *See Textron Fin.*, 2018 WL 550476, at *3 (agreeing with the analysis in *Crocker*); *see also Golden State Glass Corp. v. Superior Ct. of Los Angeles Cty.*, 13 Cal. 2d 384, 393 (1939) ("[A] court of equity has power to appoint a receiver of a going corporation upon a showing that there are such dissensions in its governing body as to create a virtual suspension of its business.").  Yet, simply because a receiver may be appointed over a corporation, does not mean it is appropriate here.

*Medipro Medical Staffing* provides an instructive analysis for Judgment Creditors' request for appointment of a receiver.  There, the California Court of Appeal held that the trial court abused its discretion when it appointed a receiver to enforce a charging order against an LLC.  *Medipro Medical Staffing*, 60 Cal. App. 5th at 629–30.  The court reasoned there was "no evidence—let alone the *substantial* evidence necessary to sustain a proper exercise of discretion—that [judgment debtors] had engaged in obfuscation or other obstreperous conduct to the degree that the other collection mechanisms available under the Enforcement of Judgments Law were ineffective."  *Id.* at 629.  In support of the receivership, judgment creditors submitted evidence that, after the charging order was issued, accounts receivable of the judgment debtor corporation slowed down and ultimately stopped and the LLC subject to the charging order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV20-09142 PSG | Date | April 6, 2022 |
|---|---|---|---|
| Title | Single Box, LP, et al. v. Brett Del Valle, et al. | | |

made no distributions. *Id.* Importantly, no evidence was submitted to suggest either occurred due to nefarious conduct, although judgment creditor speculated it was so. *Id.* Moreover, judgment debtors had submitted evidence to suggest that the slowdown in business was due to factors beyond their control. *Id.* Further, judgment creditor had not shown that other methods of enforcing the judgment would be unsuccessful; its fear that judgment debtors would subvert collection efforts was insufficient because it was based solely on judgment creditor's information and belief. *Id.* As a result, the court concluded that judgment creditor had failed to carry its burden of demonstrating "the 'necessity' required to justify the 'extraordinary' remedy of the appointment of a receiver to take over a judgment debtor's business." *Id.* at 630.

For many of the same reasons in *Medipro Medical Staffing*, Judgment Creditors have failed to carry their burden here. To start, Judgment Creditors allege the Del Valle has avoided the charging orders by transferring money generated by the Companies to other entities, which then pay Del Valle's personal expenses. *See Mem.* 4:19–23. But this is simply Judgment Creditors' unsupported speculation. At his deposition, Del Valle testified that Peninsula Retail Partners LLC (the LLC that receives the Companies' profits) does not pay any of his personal expenses. *Del Valle Tr.* 46:22–24. Despite subpoenaing thousands of pages of documents, Judgment Creditors have not submitted any evidence to rebut Del Valle's testimony or support their assertions regarding Del Valle's efforts to avoid the charging orders. Thus, as in *Medipro Medical Staffing*, Judgment Creditors' speculation about Del Valle's wrongdoing cannot support finding that Del Valle has obfuscated collection efforts.

Next, like *Medipro Medical Staffing*, Judgment Creditors' claim that Del Valle cannot be trusted to report financial information or pay out distributions appears to be based solely on their belief. Judgment Creditors cast doubt on the legitimacy of Del Valle's move to the Trailer to avoid the turnover order, but, again, there is no evidence to support their doubt. Additionally, the circumstances regarding the Trailer turnover order are distinct from Judgment Creditors' ability to reach the Companies' property. Thus, Judgment Creditors' belief that Del Valle will subvert future collection efforts from the Companies, without supporting evidence, is not sufficient to find that Del Valle has obfuscated collection efforts or that lesser remedies are inadequate. Besides, according to Del Valle's testimony at his deposition, which Judgment Creditors do not rebut with evidence, there are no distributions from the Companies for a receiver to collect. *Del Valle Tr.* 49:24–50:2, 55:15–56:4.

Additionally, Judgment Creditors have not shown other remedies are inadequate to collect from the Companies to satisfy the Judgment. Aside from seeking appointment of a receiver, Judgment Creditors have not made any efforts to collect from PRP Commercial Inc. Also, regarding PR Property LLC, Judgment Creditors do not explain what actions they have taken to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV20-09142 PSG | Date | April 6, 2022 |
|---|---|---|---|
| Title | Single Box, LP, et al. v. Brett Del Valle, et al. | | |

enforce the September 2021 charging order against PR Property LLC or otherwise collect from PR Property LLC. Thus, Judgment Creditors' failure to pursue less severe remedies against the Companies weighs against appointing a receiver. *See Iroquois Master Fund*, 2016 WL 11537876, at *5 ("Given the record before the Court, the availability of less drastic remedies and Plaintiff's failure to explore those remedies thus far weigh strongly against appointing a receiver at this time.").

Therefore, Judgment Creditors have failed to demonstrate that the drastic step of appointing a receiver is necessary at this time because they have not shown that any failure to collect from the Companies is the result of Del Valle's obfuscation and that other less severe remedies are inadequate. Moreover, Judgment Creditors fail to explain how the sweeping appointment they seek would operate. Judgment Creditors ask that the receiver be empowered "to oversee the business, no matter what entity [Del Valle] attempts to operate it through," *Mem.* 5:20–21, but do not explain how such an appointment would work. *See Textron Fin.*, 2018 WL 550476, at *3 (denying the request to appoint a receiver because, among other reasons, movant did not provide "how the appointment of a limited receivership will work").

IV.  Conclusion

For these reasons, the Motion to Appoint Receiver is **DENIED**.

**IT IS SO ORDERED.**